IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOHN HANCOCK LIFE INSURANCE

Plaintiff

vs                                                CIVIL 05-2304CCC

ROSA CASANOVA-MORALES

Defendant

## O R D E R

Having considered defendant's *pro se* Motion for Reconsideration of Entry of Default and Tendering Answer to the Complaint filed May 23, 2006 (**docket entry 13**), the same is DENIED.

An entry of default may be set aside for good cause shown.  Fed. Rule Cv. Pro 55(c). Action upon a motion to set aside an entry of default lies within the sound discretion of the district court. Venegas-Hernández v. Sonolux Records, 370 F.3d. 183,187 (1st Cir.2004). Although there is no rigid formula to guide the court in ruling on such a motion, it should consider "'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" Leshore v. County of Wordester, 945 F.2d. 471, 472 (1st cir 1991) quoting Coon v. Grenier, 867 F.2d 73, at 76 (1st Cir 1989).

Defendant has not shown good cause for failing to timely answer the complaint.  She has had notice of this suit that was filed against her on December 16, 2005 since the complaint and summons were notified to her by certified mail on December 21 and 22, 2005, each with a request that she execute a waiver of service of summons.   See, Plaintiff's Opposition to Extension, ¶3 (docket entry 5).  Due to her failure to execute the waiver, Casanova was personally served with summons and complaint on February 12, 2006.  After requesting a sixty-day extension to obtain legal representation and to answer the complaint (docket entry 4), Casanova failed to meet this self-imposed deadline.  Default was entered against her on May 2, 2006.  On May 9, 2004 Casanova filed a motion (docket entry 9) claiming she was not aware

CIVIL 05-2304CCC                           2

that the court had set the April 28, 2006 deadline until May 4, 2006 and requested a further extension.  No cause is shown as to why the court's order languished in her post office box since April 11, 2006.[1]  It was not until after the court denied that motion on May 18, 2006 (docket entry 10) and plaintiff moved for entry of default judgment the following day (docket entry 12), that plaintiff filed her motion for reconsideration and tendered the complaint, twenty-nine days after the expiration of her self set deadline.  We are unmoved by plaintiff's explanations for the predicament in which she has placed herself.  She has had notice of this suit for over five months; she was correctly served with summons and complaint and has failed to identify any good cause for the delay.

Similarly, plaintiff has not demonstrated that she has any meritorious defense.  Given the magnitude and numerosity of her husband's alleged illnesses, as well as the two alleged hospitalizations, the argument that she needs medical records to know about the conditions and treatment is disingenuous at the very least.  There is no reason that her lack of a copy of the policy would per se provide her a defense, inasmuch as it appears that her husband was the contracting party.  Plaintiff's other statements, likewise do not add up to a defense and are merely conclusory and speculative in nature, e.g. "(iv) plaintiff must have conducted some kind of background search of the decedent's medical condition, prior to issuing the policy . . ." "(v) Upon information obtained from other insurance companies, . . . it is customary . . . to perform laboratory tests prior to issuing a policy," and 6 ". . . the beneficiary was not a party to the alleged irregularities that would deprive her of the benefits of said policy, justice would not be served by allowing plaintiff to run with the money before justifying on the merits, its right to cancel the policy."  The other items mentioned are materials and information that usually are divulged during the discovery process and are not necessary for the answer to the complaint.

---

[1] The fact that another person signed for receipt of the letter on April 26, 2005 adds nothing by way of explanation for her failure to have the mail collected regularly or earlier.

CIVIL 05-2304CCC                                    3


        As stated above, the Motion for Reconsideration (**docket entry 13**) of the court's
entry of default is DENIED.

        SO ORDERED.

        At San Juan, Puerto Rico, on May 31, 2006.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge